

RECEIVED JUL 0 8 2008 CHAMBERS OF P.KEVIN CASTEL U.S.D.J.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/14/08

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**DOUGLAS W. HEIM**
*Assistant Corporation Counsel*
phone: (212) 788-1298
fax: (212) 788-9776
dheim@law.nyc.gov

# MEMO ENDORSED

July 7, 2008

Application Granted.

*Time to answer adjourned to Sept 6. Initial conference adjourned from July 25 to Sept 5 at 2:00p.*

So Ordered:

Hon. P. Kevin Castel, U.S.D.J.

7-11-08

**BY HAND**
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Tamel Hunt v. City of New York, et al., 08 Civ. 5051 (PKC)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to the above-referenced case representing defendant City of New York ("City"). I write with respect to the above-referenced matter in which plaintiff alleges that defendants falsely arrested him to respectfully request: (1) an extension of time to answer or otherwise respond to the complaint from July 7, 2008, until September 6, 2008; and (2) an adjournment of the Initial Conference presently scheduled for July 25, 2008 until after issue has been joined. Plaintiffs' counsel consents to these requests.

      There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Furthermore, it is our understanding that the records of the underlying criminal action, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of sealed arrest and criminal prosecution records so that defendant City can access the information, properly assess the case, and respond to this complaint.

      Additionally, should the Court grant this enlargement, this office, pursuant to Section 50-k of the New York General Municipal law, and based upon a review of the facts of the case, would have time to determine whether we may represent the individually named defendant in this matter – Police Officer Daniel MacSweeney. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64

N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In a similar vein, defendant City also respectfully requests an adjournment of the July 25, 2008 initial conference in this matter until issue has been joined. In order to fully contemplate the subjects of Fed. R. Civ. P. 16 and 26 for purposes of having an informed position on a discovery schedule, settlement, and potential motions, this office must adequately investigate the allegations of the complaint.

No previous request for an extension or adjournment has been made by either party. At this juncture, the initial conference is the only hearing and/or deadline affected by this request. Accordingly, it respectfully requested that the Court grant defendant City's application to (1) extend its time to answer or otherwise respond to the complaint from July 7, 2008 until September 5, 2008; and (2) adjourn the initial conference from July 25, 2008 until after issue has been joined.

Thank you for your consideration herein.

Respectfully submitted,

Douglas W. Heim (DH 5238)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Christopher Galiardo, Esq. (by first class mail)
      Myers & Galiardo, LLP
      122 East 42nd Street
      Suite 2710
      New York, New York 10168